Opinion filed January 29, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed January 29, 2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00333-CV

                                                    __________

 

                                                      IN RE T.S.

 



 

                                               On
Appeal from the County Court

 

                                                         Howard
County, Texas

 

                                                 Trial
Court Cause No. M-25900

 



 

                                            M
E M O R A N D U M    O P I N I O N

This
is an appeal from a judgment ordering temporary in-patient mental health
services pursuant to Tex. Health &
Safety Code Ann. '
574.034 (Vernon 2003).  We affirm.








At
the commitment hearing, Big Spring State Hospital Staff Psychiatrist Dr. Trina
Cormack testified that appellant was currently diagnosed with paranoid
schizophrenia and that his diagnosis would probably be changed to
schizoaffective disorder, bipolar type.  Dr. Cormack stated that appellant felt
that his mother was working against him, that his mother had too much
testosterone in her body and needed estrogen injections, and that he felt he
had too much testosterone and also needed estrogen injections.  Dr. Cormack
described appellant as grandiose and stated appellant believed himself to be a
super hero and believed he could fly.  Appellant would walk around wearing a
cape.  He would have one hand behind his back and one hand extended in front of
his body preparing to Atake
off.@  His behavior
was intrusive to the other patients and to the staff.  His behavior was causing
other patients to want to Abeat
him up.@  Appellant
had little ability to communicate Awithout
constantly talking about his delusions.@

Appellant
testified in his own behalf.  He told the trial court that he was Aswell@ and that the doctor=s testimony was entirely
false.  He asked the trial court to consider the doctor=s testimony perjury and further stated:

Your
Honor, my mother has spent -- made these accusations on me in the past.  I have
gone through Terrell.  She has sent me to jail.  She=s sent me to jail because I merely did not
clean the tub.  I have been -- I have been abused sexually and verbally my
entire life.  I do not -- I do wear a cape because I believe in the old-school
type of gentleman, especially the London type Sherlock Holmes gentleman,
solving his mysteries.  And the biggest mystery of all is the mystery of the
Bible.  And my boisterous voice and boss talk around the unit is mandate pure
religious anecdote and -- and testimony.

 

I,
by no means, have threatened anyone, and I have been attacked by several
patients on the unit with no merit.

 

The
trial court found that appellant was likely to cause serious harm to himself
and was likely to cause serious harm to others.  The trial court also found
that appellant suffered severe and abnormal mental, emotional, or physical
distress, that he was experiencing substantial mental or physical deterioration
of his ability to function independently, and that he was unable to make a
rational and informed decision concerning submission to treatment.[1]

In
his sole issue on appeal, appellant contends that the evidence is insufficient
to support the  judgment of commitment.  We disagree. The record before this
court establishes by clear and convincing evidence sufficient grounds to
support the trial court=s
judgment.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

January 29, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that the best form, where the trial court has
found multiple grounds to support commitment, is to enter specific individual
findings in the conjunctive.  In re J.S.C., 812 S.W.2d 92 (Tex. App.CSan Antonio 1991, no writ).